Judge Wixuiams
When a grant once issues for a tract of vacant land, it becomes the only evidence of title, and we cannot afterwards look further back than the grant. We must admit all antecedent proceedings to have been reguiar, otherwise we should introduce the practice of invalidating grants by parol testimony. The grant may be suspended and a trial had, where a claimant proceeds to survey ami return plats of other land than those he has entered, to the prejudice of another who has entered them : ami McDowell should have proceeded this way — ns lie has not done it he has slipped his time, and cannot, now object to the grant. It seems unjust that he should lose his land by the mistake of the surveyor, who has surveyed the lands entered by him, for the lands entered at another place by Dickey — but Dickey by that mistake has lost the land he entered : for it is said, that another person has since obtained a grant for it. It. is possible, that Mr, McDowell might obtain redress in a Court, of Equity, but I am clearly of opinion, he has no remedy in this court. Our Courts of Law have uniformly decided, that whoever obtains the first grant shall he the legal proprietor, without any regard had to the first entry or survey; and indeed without regarding whether there was any entry or not — the court will not go back to these circumstances.
*412 Judge Haywood was silent, having been concerned in the cause whilst at the bar. The Plaintiff had a verdict and judgment.
Note. — Vide Reynolds v. Flinn, and the note thereto ante 106.